IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COY PHELPS, | ) | No. C 11-3211 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL; |
| | ) | GRANTING IN FORMA |
| vs. | ) | PAUPERIS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

      Petitioner, a federal insanity acquitee currently housed at Federal Medical Center in Massachusetts, has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the constitutionality of his custody. Petitioner's motion to proceed in forma pauperis is GRANTED.

## BACKGROUND

      Petitioner has had a lengthy relationship with the judicial system. In 1986, Petitioner was found not guilty by reason of insanity for "possessing, manufacturing, and placing pipe bombs at five San Francisco locations." *United States v. Phelps*, 955 F.2d 1258, 1260 (9th Cir. 1992) (*Phelps I*). (Pet. at 3.) Thereafter, Petitioner was committed, pursuant to 18 U.S.C. § 4243[1], to the United States Medical Center for Federal Prisoners in Missouri. *Id.*; *United States v. Phelps*,

---

[1] Section 4243 governs the procedures for hospitalization and release of a person found not guilty by reason of insanity.

Order of Dismissal; Granting In Forma Pauperis
P:\PRO-SE\SJ.LHK\HC.11\Phelps211dis.ngi.wpd

1  283 F.3d 1172, 1179 (9th Cir. 2002) (*Phelps II*).  In 1999, Petitioner was ordered conditionally
2  released after a Court hearing.  (Pet. at 6.)  Petitioner filed several appeals in response to his
3  conditional release.  *Id.* at 1180.  In March 2001, Petitioner was arrested and re-committed.  (*Id.*
4  at 10.)

5        On appeal from the 1999 and subsequent orders conditionally releasing Petitioner, in
6  *Phelps II*, the Ninth Circuit determined that, under 18 U.S.C. § 4243, the district court was
7  permitted to impose conditions upon release.  *Id.* at 1182-83.  However, the Ninth Circuit
8  analyzed the procedure actually used by the district court in conditionally releasing Petitioner,
9  and concluded that it did not adhere to the strict requirements of the statute.  *Id.* at 1183-84.
10 Thus, the Ninth Circuit reversed the order granting conditional release.  *Id.*  The Ninth Circuit
11 directed the district court to order that Petitioner be re-hospitalized in conformity with its
12 opinion, although noted that future release proceedings were not barred.  *Id.* at 1187.

13       On April 20, 2010, Petitioner filed a petition for writ of habeas corpus, pursuant to 28
14 U.S.C. § 2241, challenging the order revoking his original commitment, his conditional release
15 in 2001, and his re-commitment in 2001.  *Phelps v. United States*, No. 10-1689 MHP (N.D. Cal.
16 Sept. 27, 2010).  The Court noted that Petitioner had filed more than twenty federal cases
17 challenging his custody and not guilty by reason of insanity determination.  *Id.* at 2.  Ultimately,
18 the Court dismissed Petitioner's petition in part as a second or successive petition, and because
19 his request for release under Section 4243 was inappropriate as a habeas action.  *Id.* at 3-6.

20       On June 28, 2011, Petitioner filed the underlying action, and this case was assigned to the
21 undersigned judge.

22                    **DISCUSSION**

23       Petitioner requests unconditional release from confinement challenging the conditions
24 and circumstances of his release concerning his commitment in 1999, his re-commitment in
25 2001, and the constitutionality of 18 U.S.C. § 4243.  Specifically, he claims that: (1) Section
26 4243 is unconstitutional as applied because he did not commit a crime; (2) there is no statutory
27 authority to confine him in a federal prison; (3) he was denied effective assistance of counsel at
28 his re-commitment hearing; and (4) several of the prior Court's decisions violated statutory

1 authority.

2       Here, to the extent Petitioner challenges his original commitment, he cannot do so.  *See*

3 *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) ("Archuleta may not collaterally attack

4 his decision to assert a successful insanity defense.") (citing *Curry v. Overholser*, 287 F.2d 137,

5 179-40 (D.C. Cir. 1960).  Moreover, because Petitioner is no longer in custody by reason of his

6 original commitment, but by reason of commitment orders entered thereafter, he is not entitled to

7 relief based on alleged errors in his original commitment.

8       Petitioner claims that there is no statutory authority for housing him in a federal prison

9 when he was not convicted of a crime.  Petitioner is currently held at the Federal Medical Center

10 in Devens, Massachusetts.  This facility "is an administrative facility housing male offenders

11 requiring specialized or long-term medical or mental health care."  *Federal Bureau of Prisons*,

12 http://www.bop.gov/locations/institutions/dev/index.jsp (last visited Aug. 23, 2011).  There is no

13 merit to Petitioner's conclusory allegation that such a federal facility is an inappropriate

14 placement for persons found not guilty by reason of insanity.  *See, e.g.*, *Phelps v. United States*

15 *Bureau of Prisons*, 62 F.3d 1020, 1023 (8th Cir. 1995) (affirming denial of "habeas motion" that

16 challenged the suitability of federal facility in which Petitioner was placed pursuant to Sections

17 4243 and 4247); *cf.* 18 U.S.C. § 4247(a)(2) ("suitable facility means a facility that is suitable to

18 provide care or treatment given the nature of the offense and the characteristics of the

19 defendant").

20       Finally, much of Petitioner's petition challenges the Court's previous decisions which

21 occurred prior to, or were reversed by *Phelps II*.  "Under the law-of-case doctrine, a court will

22 not reexamine an issue previously decided by the same or higher court in the same case."  *Lucas*

23 *Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001).  To the

24 extent that *Phelps II* did not completely dispose of those claims, the proper vehicle to challenge

25 those decisions is by filing an appeal to the Ninth Circuit rather than through filing a new habeas

26 petition.  *See id.*  To the extent Petitioner alleges that he meets the standards for release under

27 Section 4243, a habeas petition under 28 U.S.C. § 2241 is inapplicable.  The statutes expressly

28 provide that the proper procedure is to file a motion under Section 4247(h).  *See Phelps II*, 283

Order of Dismissal; Granting In Forma Pauperis
P:\PRO-SE\SJ.LHK\HC.11\Phelps211dis.ngi.wpd     3

1 | F.3d at 1183 n.8, 1187.

## CONCLUSION

The instant habeas petition is DISMISSED. The clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED: __8/30/11_____

_____
LUCY H. KOH
United States District Judge